UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-cv-366-RJC

| JOHN AUSTIN JAMES, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | ORDER |
| STATE OF NORTH CAROLINA, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court upon Petitioner's amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. No. 3); Respondent's Motion for Summary Judgment (Doc. No. 6); Petitioner's Motion to Appoint Counsel (Doc. No. 13); and Petitioner's Motion for Summary Judgment (Doc. No. 14).

**I. HISTORY**

   **A. Factual Summary**

The following factual summary is taken, in part, from the North Carolina Court of Appeals's published opinion. State v. James, 182 N.C. App. 698 (2007). Petitioner was married and had six children, including at least one step-daughter. Id. at 700. On February 3, 2004, Petitioner's step-daughter told her maternal aunt, Doris Bradshaw, that Petitioner had sexually abused her over a period of six years, beginning when she was fourteen years old, and she feared that Petitioner was inflicting the same abuse upon her younger half-sister. Id. Petitioner's step-daughter spoke with her half-sister who confirmed that Petitioner was also sexually abusing her. Id. Ms. Bradshaw took Petitioner's step-daughter to the police department where she described the abuse to authorities. Id. Following an investigation, Petitioner was charged with fourteen

sexual offenses against his children.  Id.

During his trial, Petitioner's step-daughter testified that he had abused her from 1994 until 2000, when she left his home; that the abuse occurred approximately 10 times per month and included sexual intercourse, oral sex, and inappropriate touching; that Petitioner required submission to his sexual demands in order for her to receive privileges like going to the movies with a cousin; and that Petitioner also coerced her to submit to him by telling her that there were Bible stories that involved daughters sleeping with their fathers, and by threatening to cheat on her mother with other women if she did not submit to him.  Id.  Petitioner's biological daughter testified that Petitioner had been abusing her for the past three years; and that he also conditioned her privileges upon her consent to his sexual demands.  Id. at 701.

B. **Procedural History**

On April 19, 2004, a Mecklenburg County grand jury returned fourteen indictments charging Petitioner with committing sexual crimes against his daughters.  (Doc. No. 8-2 at 4-17). A petit jury found Petitioner guilty of all counts on April 22, 2005.  (Id. at 23-29).  As to his step-daughter, the jury convicted him of one count of attempted rape, one count of second-degree rape, one count of second-degree sexual offense, and three counts of taking indecent liberties with a child.  (Id.).  As to his biological daughter, the jury convicted him of one count of second-degree rape, two counts of taking indecent liberties with a child, one count of felonious incest, one count of second-degree sexual offense, one count of committing a crime against nature, one count of statutory sexual offense, and one count of statutory rape.  (Id.).  The Superior Court of Mecklenburg County sentenced Petitioner to 69 to 81 years' imprisonment. (Id. at 30-39).

Petitioner timely appealed his cases to the North Carolina Court of Appeals where he

argued that the trial court erred in admitting evidence from certain witnesses, including Ms. Bradshaw and Petitioner's biological daughter; the court erred in entering judgment for three separate counts of indecent liberties stemming from a single sexual assault against his step-daughter that occurred on one date in 1994; and that it erred by disavowing its authority to grant the jury's request to review certain testimony. James, 182 N.C. App. at 701-05. However, the North Carolina Court of Appeals rejected Petitioner's claims. Id. at 707. Petitioner did not seek any further direct review.

On January 29, 2008, Petitioner filed a Motion for Appropriate Relief ("MAR") arguing for the first time that the trial court violated his rights to due process under the Fifth and Fourteenth Amendments by allowing the State to introduce testimony from Ms. Bradshaw concerning matters that were uncharged and unrelated to his offenses; that it violated his right to due process under the Fifth Amendment by allowing his step-daughter to testify about another uncharged sexual assault that he reportedly committed against her; and that it violated his Fifth Amendment right to be free from double jeopardy by allowing the prosecution to proceed under eight indictments and obtain eight separate convictions and sentences for a single sexual assault upon his biological daughter, and by allowing the prosecution to proceed under six indictments and obtain six separate convictions and sentences for a single sexual assault upon his step-daughter. (Doc. No. 8-6 at 5-19). However, on February 29, 2008, the Superior Court of Mecklenburg County entered a summary Order denying Petitioner's MAR on the grounds that "identical issues could have been raised on appeal or were resolved against him by the North Carolina Court of Appeals in a decision rendered on April 27, 2007." (Doc. No. 8-7). Petitioner then sought review of the MAR Court's decision; however, the North Carolina Court of Appeals denied his certiorari petition on April 18, 2008. (Doc. Nos. 8-8 and 8-10).

### C. Federal Habeas Allegations

Petitioner filed the instant § 2254 Petition (Doc. No. 1) on August 12, 2008, and amended it on September 18, 2008 (Doc. No. 3).  By his amended pleading, Petitioner re-alleges the claims that he raised in his MAR, namely, that the trial court violated his Fifth and Fourteenth Amendment rights to due process by allowing the state to introduce testimony from Ms. Bradshaw concerning certain unrelated matters, it violated his right to due process under the Fifth Amendment by allowing his step-daughter to testify about an uncharged sexual assault, and it subjected him to double jeopardy in violation of the Fifth Amendment by allowing the prosecution to proceed under a total of fourteen indictments and to obtain fourteen separate convictions and sentences for only two instances of sexual assault committed upon his two daughters.  (Doc. No. 3 at 5-11).

## II.   ANALYSIS

### A.   Summary Judgment Standard of Review

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, and answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party.  The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3.  The nonmoving party may not rely upon mere allegations or denials of allegations in his

4

pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Sylvia Dev. Corp. v. Calvert Cnty., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

### B. Section 2254 Standard of Review

In addition to the summary judgment standard set forth above, the Court must consider this Petition under the particular standards governing the review of habeas corpus petitions. First, 28 U.S.C. § 2254 requires a petitioner to exhaust the remedies available to him in the state courts before filing a writ of habeas corpus in the federal courts. 28 U.S.C. § 2254(b)(1)(A). Section 2254's exhaustion requirement demands that a petitioner give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Larry v. Branker, 552 F.3d 356, 366 (4th Cir. 2009) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the state. See id. In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing a state post-conviction proceeding in the trial court division and then petitioning the North

Carolina Court of Appeals for a writ of certiorari.  See N.C. GEN. STAT. §§ 7A-31, 15A-1422.

Second, 28 U.S.C. § 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it was "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)).  A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)).  "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

In contrast, "[a] federal habeas court will not review a claim rejected by a state court if

the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Walker v. Martin, 131 S. Ct. 1120, 1127 (2011) (internal quotation and citation omitted). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Id. (citation omitted). A procedural default also occurs "when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Hyman v. Keller, 2011 WL 3489092, at *9 (4th Cir. 2011) (quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)).

However, a petitioner may overcome a finding of procedural default by showing cause and prejudice arising from the asserted constitutional error. McCarver v. Lee, 221 F.3d 583, 591-92 (4th Cir. 2000). To show "cause," a petitioner may make "a showing that the factual or legal basis for the claim was not reasonably available to counsel." Id. at 591 (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). To establish "prejudice," a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 592 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

A habeas petitioner may also overcome his procedural default by demonstrating that the court's failure to consider the claim will result in a fundamental miscarriage of justice. Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The "fundamental miscarriage of justice" exception applies only to a narrow class of cases involving extraordinary instances "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke v. Haley,

7

541 U.S. 386, 392-94 (2004) (citing Murray v. Carrier, 477 U.S. 478, 494-96 (1986)).

> 1. **Petitioner's first and second claims and the majority of the allegations set forth in his third claim are barred by his unexcused procedural default**.

The record shows, and Petitioner concedes, that his first and second claims, by which he challenges the trial court's admission of certain testimony, and portions of his third claim, in which he challenges the constitutionality of his prosecutions, convictions and sentences for all but the three indecent liberties convictions involving his step-daughter, were not raised during his direct appeal. See James, 182 N.C. App. at 703 ("Defendant next argues that the trial court erred in entering judgment for three counts of indecent liberties for a single episode in spring 1994 . . . ."); (Doc. No. 1 at 4) (Petitioner concedes that the subject claims were not raised because he "did not have access to [his transcripts] until after his direct appeal . . . was denied"); (Doc. No. 3 at 5-8) (Petitioner reiterates his earlier statements concerning the reasons for failing to raise the claims on direct review); (Doc. No. 10 at 2-6) (Petitioner concedes that claims were not raised on direct appeal). Thus, when Petitioner raised these claims in his MAR, that Court rejected them because "identical issues could have been raised on appeal . . ." (Doc. No. 8-7: Superior Court Order denying MAR).

Respondent asserts that the MAR court's language reflects a determination that the subject claims were procedurally barred under N.C. GEN. STAT. § 15A-1419(a)(3). (Doc. No. 7 at 4-5). This rule generally bars state collateral review for claims when "[u]pon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the instant claim or motion but did not do so." N.C. GEN. STAT. § 15A-1419(a)(3). Petitioner, however, contends that the subject claims are not barred because the MAR court failed to use the

terms "procedural default" or "procedural bar." (Doc. Nos. 10 at 3-5 and 15 at 3).[1]  This contention is unavailing.

In Mueller v. Angelone, the Court determined that even in the absence of an explicit reference to or recitation of the state law ground being relied upon, the procedural bar will apply so long as the state court's decision is unequivocally procedural. 181 F.3d 557, 582 (4th Cir. 1999). Here, the court rested its judgment on a state procedural ground rather than the merits of the claims, even though it did not explicitly state that Petitioner's claims were "procedurally barred" or "defaulted." The MAR court referred to section 15A-1419(a)(3), refused to reach the merits of Petitioner's claims, and made no reference to federal law. Petitioner's reliance upon the MAR court's omission of certain words is misplaced.

Petitioner also contends that § 15A-1419(a)(3) is not an adequate reason to deny the review of his federal claims because the state erroneously applied the bar to claims that have never been resolved. (Doc. No. 15 at 3). But the Fourth Circuit has stated that section 15A-1419(a)(3) is generally an independent and adequate state procedural bar. See McCarver v. Lee, 221 F.3d 583, 589 (4th Cir. 2000). A state rule is "independent" if it does not depend upon a federal constitutional ruling. See, e.g., Ake v. Oklahoma, 470 U.S. 68, 75 (1985). A state rule is "adequate" if it is firmly established and regularly and consistently applied by the state court. See Johnson v. Mississippi, 486 U.S. 578, 587 (1988). North Carolina's rule is clearly independent of federal law. Thus, Petitioner may avoid the procedural bar created by the MAR court's application of § 15A-1419(a)(3) to his claims only if he can establish that the North Carolina courts do not regularly and consistently apply that provision to claims like the ones at

---

[1] Petitioner's second Response and and its exhibits were filed in accordance with the Court's Order and Notice entered pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (Doc. No. 12).

issue here. See Reid v. True, 349 F.3d 788, 805 (4th Cir. 2003). The relevant question is "whether the particular procedural bar is applied consistently to cases that are procedurally analogous"–here, to claims of due process violations involving evidentiary rulings and claims of double jeopardy violations. Id. (internal citations omitted). For a petitioner "to make a colorable showing that section 15A-1419(a)(3) is not consistently and regularly applied to [the claims at issue in his case], he would need to cite a non-negligible number of cases in which [the subject claims] could have been brought on direct review but were not, and in which the collateral review court nonetheless failed to bar the claim under section 15A-1419(a)(3) because the claim was [of the same type at issue here]." McCarver, 221 F.3d at 589.

Because Petitioner has neither argued nor attempted to show that §15A-1419(a)(3) is not consistently and regularly applied to claims like the ones that he is asserting under the Fifth and Fourteenth Amendments, he also has not cited any cases in support of that proposition. On the other hand, several federal courts have examined North Carolina's application of § 15A-1419(a)(3) to bar similar claims. See, e.g., Willoughby v. Langley, 2006 WL 753173, at *7 (W.D.N.C. June 28, 2006) (unpublished) (§ 1419(a)(3) applied to claim of due process violation involving admission of evidence); Carpenter v. Harkleroad, 2005 WL 3466001, at *2 (W.D.N.C. Dec. 19, 2005) (unpublished) (same); Volcy v. McDade, 2002 WL 32514300, at *3 (E.D.N.C. June 26, 2002) (unpublished) (§ 1419(a)(3) applied to double jeopardy claim); McDougall v. Rice, 685 F. Supp. 532 (W.D.N.C. 1988) (rule applied to indirect challenge to admissibility of evidence supporting lesser, included offense). See also State v. Murrell, 362 N.C. 375, 401 (2008) (noting that claims belatedly raised in an MAR challenging the admission of allegedly false evidence would be subject to procedural default under § 15A-1419(a)(3)); State v. Sprouse, 168 N.C. App. 409 at *2 (Feb. 1, 2005) (section 1419(a)(3) applied to claim challenging

10

imposition of consecutive sentences). Thus, the rule is consistently and regularly applied to claims of this nature.

Petitioner appears to challenge the substance of the state's application of its procedural bar. (Doc. No. 15 at 3). But this Court "only can consider whether cause and prejudice exists to excuse the procedural default, not whether the state court correctly applied its own law." Burket v. Angelone, 208 F.3d 172, 191 (4th Cir. 2000). As to cause and prejudice, Petitioner has failed to meet his burden. See McCarver v. Lee, 221 F.3d 583, 591 (4th Cir. 2000).

Petitioner's first and second claims of due process violations in connection with the admission of certain evidence, and all of his allegations of double jeopardy violations except those relating to his convictions for taking indecent liberties with his step-daughter are procedurally defaulted without excuse. Therefore, those claims are barred from this Court's review.

2.  **Petitioner is not entitled to any relief on his remaining claim that his convictions for taking indecent liberties with his step-daughter constitute double jeopardy.**

Petitioner alleges that the trial court subjected him to double jeopardy in violation of the Fifth Amendment by allowing the prosecution to obtain three separate judgments on the indecent liberties convictions involving a single sexual assault committed upon his step-daughter.[2] (Doc. No. 3 at 9). Petitioner raised this claim on direct appeal but it was denied. Because the North Carolina Court of Appeals adjudicated the claim on the merits, the standard of review set forth in

---

[2] In his MAR and in the instant Petition, Petitioner raises a double jeopardy challenge to his prosecution, conviction and sentencing on all fourteen of the offenses involved in his state cases. However, because his direct appeal only involved a double jeopardy challenge to his sentence on the three indecent liberties convictions involving his step-daughter, those sentences are the only ones for which he is entitled to a federal merits review.

§ 2254(d) applies to this claim.³ Therefore, relief may not be granted unless the Court of Appeals's adjudication "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1) and (2).

When Petitioner raised this claim on direct appeal, the North Carolina Court of Appeals acknowledged that both the U.S. Constitution and state law prohibited the imposition of multiple punishments for a single offense. James, 182 N.C. App. at 703-04. Nevertheless, that court rejected Petitioner's claim upon its determination that although the offenses occurred during a single episode of sexual assault, Petitioner committed, among other offenses, three separate acts of taking indecent liberties with his step-daughter "by fondling [her] breasts, by performing oral sex on her and by forcing sexual intercourse upon her." Id. at 704. The Court concluded that there was no double jeopardy violation because the indictments charged separate and distinct facts for each of the crimes, and the sexual acts were distinct from one another. Id. at 704-05. In Blockburger v. United States, 284 U.S. 299 (1932), the United States Supreme Court set forth the same elements test for determining if a double jeopardy violation had occurred. The Court held that where each offense contains an element not required by the other, no double jeopardy

---

³ Respondent argues that Petitioner has procedurally defaulted this claim because although he exhausted it in his post-conviction proceedings, the MAR court denied the claim pursuant to § 15A-1419(a)(2) on res judicata grounds, and Petitioner did not exhaust this claim through the direct review process. (Doc. No. 7-9). Nevertheless, Respondent provides no citations to support the proposition that Petitioner's claim should be considered unexhausted and procedurally barred in these circumstances. Indeed, case law provides that § 15A-1419(a)(2) is not an adequate and independent state ground upon which to base a procedural default. See Page v. Lee, 337 F.3d 411, 415 n.1 (4th Cir. 2003) (§ 15A-1419(a)(2) is not a state procedural bar that prevents federal habeas review of the claim). Thus, the Court will look through the Court of Appeals's denial of Petitioner's certiorari petition on collateral review back to that court's denial of the claim on direct review and determine whether that adjudication violates § 2254(d). See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); accord Skipper v. French, 130 F.3d 603, 609 (4th Cir. 1997).

problem exists. Id. at 304.

Petitioner has failed to establish that the North Carolina Court of Appeals's determination was contrary to, or involved an unreasonable application of, clearly established Federal law as set forth by the United States Supreme Court. Therefore, this remaining double jeopardy claim is denied and dismissed.

### 3. **Petitioner's Motion for Appointment of Counsel must be denied**.

Finally, Petitioner has filed a Motion for Appointment of Counsel asserting that he cannot afford counsel, the issues involved in his case are complex, he has a limited knowledge of the law, and the ends of justice would best be served by the appointment of counsel. (Doc. No. 13 at 1). However, there is no constitutional right to the assistance of counsel in proceedings under 28 U.S.C. § 2254. Crowe v. United States, 175 F.2d 799, 801 (4th Cir. 1949). 18 U.S.C. § 3006A(2)(B) gives the Court discretion to appoint counsel for financially eligible persons proceeding under 28 U.S.C. § 2254 when the interests of justice so require. Rule 6 of the Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254, requires the Court to appoint counsel only when a petitioner needs assistance in a court-ordered discovery process. Neither of these circumstances is involved here. Moreover, notwithstanding that the Court has concluded that he is not entitled to any relief under his claims, Petitioner has adequately represented himself in these proceedings. Therefore, Petitioner's Motion for Appointment of Counsel is denied.

## III. CONCLUSION

All but one of Petitioner's allegations have been procedurally defaulted without excuse, and the North Carolina Court of Appeals's adjudication of his final allegation comports with established federal law.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment (Doc. No. 6 ) is **GRANTED**;

2. Petitioner's Motion for Appointment of Counsel (Doc. No. 13) is **DENIED**;

3. Petitioner's Motion for Summary Judgment (Doc. No. 14) is **DENIED;** and

4. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 9, 2011

Robert J. Conrad, Jr.
Chief United States District Judge